Cite as 2020 Ark. 97

# SUPREME COURT OF ARKANSAS

IN RE RULES GOVERNING
ADMISSION TO THE BAR: RULE XVI.
ADMISSION ON MOTION

**Opinion Delivered:** February 27, 2020

**PER CURIAM**

The Supreme Court herby amends Rule XVI of the Rules Governing Admission to the Bar--effectively immediately. The changes are set out in "line-in," "line-out" fashion (new material is underlined; deleted material is lined through).

Rule XVI. Admission on motion.

1. An applicant who meets the requirements of (a) through (i) of this rule may, upon motion, be admitted to the practice of law in this jurisdiction.

The applicant shall:

(a) have been admitted to practice law in another state, territory, or the District of Columbia;

(b) hold a first professional degree in law (J.D. or LL.B.) from a law school approved by the American Bar Association at the time the degree was conferred;

(c) have been primarily engaged in the active practice of law in one or more states, territories or the District of Columbia for <u>three</u> ~~five~~ of the <u>five</u> ~~seven~~ years immediately preceding the date upon which the application is filed;

(d) establish that the state, territory, or the District of Columbia in which the applicant has or had his or her principal place of business for the practice of law,

for the two year period immediately preceding application under this rule, would allow attorneys from this State a similar accommodation as set forth in this rule; however, applicants who have been on continuous active military duty for three~~five~~ of the five ~~seven~~ years mentioned in (c) above may, in the discretion of the Board, be excused from the two year requirement of this rule;

(e) establish that the applicant is currently a member in good standing in all jurisdictions where admitted;

(f) establish that the applicant is not currently subject to lawyer discipline or the subject of a pending disciplinary matter in any other jurisdiction;

(g) establish that the applicant possesses the character and fitness to practice law as set out in Rule XIII of these rules;

(h) designate the Clerk of this Court for service of process; and,

(i) pay a fee as may be set by this Court.

2. For the purposes of this rule, the "active practice of law" shall include the following activities, if performed in a jurisdiction in which the applicant is admitted, or if performed in a jurisdiction that affirmatively permits such activity by a lawyer not admitted to practice; however, in no event shall activities listed under (2)(e) and (f) that were performed within Arkansas in advance of bar admission here, be accepted toward the durational requirement:

(a) representation of one or more clients in the practice of law;

(b) service as a lawyer with a local, state, territorial or federal agency, including military service;

(c) teaching law at a law school approved by the American Bar Association;

(d) service as a judge in a federal, state, territorial or local court of record;

(e) service as a judicial law clerk; or,

(f) service as corporate counsel.

3. For the purposes of this rule, the active practice of law shall not include work that, as undertaken, constituted the unauthorized practice of law in the jurisdiction

in which it was performed or in the jurisdiction in which the clients receiving the unauthorized services were located.

4. An applicant who has failed a bar examination administered in Arkansas within five years of the date of filing an application under this rule shall not be eligible for admission on motion.

5. Proceedings under this rule shall be governed by the relevant provisions of Rule XIII of these rules.  Further, the applicant must complete the Petition and Oath and file same with the Clerk of the Supreme Court along with all required fees for licensure within one year of the date of certification of eligibility for admission. Failure to do so will extinguish the application and forfeit the fee and the applicant will be required to file a new application and pay another fee if the applicant wishes to proceed to secure admission.

6. Upon request of the Executive Secretary, where an application has been pending for more than one year, the Board may cancel the pending application, after appropriate notice to the applicant, and forfeit the fee and require the applicant to submit a new application and pay another fee in order to proceed.